**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| MARTIN MONTAVIOUS JONES, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:20-CV-14 (LAG) |
| TANGELA HENRY, | : | |
| Defendant. | : | |

**ORDER**

Before the Court is Plaintiff Martin Montavious Jones' Motion for Leave to Add Party Defendant (Motion) (Doc. 6). For the reasons explained below, the Motion is **GRANTED**.

**BACKGROUND**

This action stems from an allegation Defendant Tangela Henry made against Plaintiff regarding damaged property. (*See* Doc. 1-1.) Defendant was employed as an investigator with the Albany Police Department at all times relevant to the Complaint. (*Id.* ¶ 3; Doc. 6-2 at 4.) Plaintiff is a student at Kennesaw State University. (Doc. 1-1 ¶ 7.) Around March 18, 2019, a university police officer initiated a traffic stop against Plaintiff for driving with his headlights off. (*Id.* ¶¶ 7–8.) During the traffic stop, Plaintiff learned for the first time that he had outstanding warrants for his arrest in Albany, Georgia. (*Id.* ¶ 10.) Two of those warrants indicated that Defendant Henry swore under oath that Plaintiff allegedly damaged the following property owned by Ashante Jackson: walls, windows, and floors of her home and the front and rear windshield of her vehicle. (*Id.* ¶ 11.) Plaintiff argues that the warrants were based on a police report written by Officer Dexter Hawkins that identified Plaintiff as a suspect in the underlying criminal case without any probable cause. (Doc. 6-2 at 3–4.) He asserts that the police report was part of Defendant's investigative file. (*Id.* at 4.) Plaintiff alleges that, as a result of the police report and the

warrants, he was arrested and taken to jail based on the information in the warrants. (Doc. 1-1 ¶ 14.) Plaintiff contends that Defendant should have known that Plaintiff did not commit either of the offenses alleged by the warrants, was not present at the scene when Jackson's home and car were damaged, and never knew Jackson before or during the alleged incidents. (*Id.* ¶ 15.) The Dougherty County Magistrate court dismissed the warrants because the warrants were taken for the wrong "Martin Jones." (*Id.* ¶ 16; *see also id.* at 22.) Plaintiff argues that Defendant lacked complete evidence and any probable cause for accusing Plaintiff of committing the offenses in the warrant. (*Id.* ¶ 17.) He contends that, by accusing Plaintiff of such offenses, Defendant acted maliciously and with knowledge that Plaintiff was innocent. (*Id.* ¶ 18.) Alternatively, Plaintiff argues that Defendant was wantonly indifferent to the fact that Plaintiff was not guilty of the accusations. (*Id.* ¶ 19.) For these reasons, Plaintiff raises claims against Defendant for unlawful search and seizure of Plaintiff in violation of federally protected rights, malicious prosecution, false arrest, false imprisonment, emotional distress, pain and suffering, punitive damages, reasonable attorney's fees, and costs. (*Id.* ¶¶ 23, 26, 28–29, 32, 43, 45.)

Plaintiff initiated this action against Defendant in the Superior Court of Dougherty County on December 17, 2019 and served Defendant with the Complaint on December 27, 2019. (Doc. 6-2 at 2; *see also* Doc. 1-1.) On January 24, 2020, Defendant answered and removed the action to this Court. (Doc. 1-1 at 22.) On April 28, 2020, Plaintiff filed the present Motion, seeking to add Officer Hawkins as a Defendant. (Doc. 6.) Defendant did not respond. (*See* Docket.) Accordingly, the Motion is ripe for review. *See* MD Ga. L.R. 7.2.

## DISCUSSION

A plaintiff may join a defendant in an action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and " any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Joinder is 'strongly encouraged' and the rules are construed generously 'toward entertaining the broadest possible scope of an action consistent with fairness to the parties.'" *Vanover v.*

2

*NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

Here, Plaintiff alleges that Officer Hawkins wrote the police report that led to Plaintiff's arrest. (Doc. 6-2 at 1.) According to Plaintiff, Officer Hawkins identified two individuals named Martin Jones as suspects in the criminal case, with one individual incorrectly referring to Plaintiff. (*Id.*) Plaintiff alleges that Officer Hawkins identified Plaintiff as a suspect without any probable cause. (*Id.* at 4.) Plaintiff contends that Officer Hawkins acted recklessly by writing the police report that eventually led to Plaintiff's alleged wrongful arrest. (*Id.* at 3.) A plaintiff can state a Section 1983 Fourth Amendment claim by alleging that: (1) "the officer who applied for the warrant should have known that his application failed to establish probable cause"; or (2) "an official, including an individual who did not apply for the warrant, intentionally or recklessly made misstatements or omissions necessary to support the warrant." *Williams v. Aguierre*, 965 F.3d 1147, 1165 (11th Cir. 2020); *see also Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003) (holding the absence of probable cause is an element required for a malicious prosecution claim under § 1983); *Kelly v. Curtis*, 21 F.3d 1544, 1554 (11th Cir. 1994) (holding that "the Constitution prohibits an officer from making perjurious or recklessly false statements in support of a warrant"). Moreover, Plaintiff argues that Officer Hawkins is jointly and severally liable with Defendant Henry. (Doc. 6-2 at 2.) Specifically, Plaintiff contends that Officer Hawkins caused Plaintiff to get arrested by including Plaintiff in his police report without probable cause. (*Id.* at 3–4.) Further, Plaintiff's right to relief against Officer Hawkins arises out of the same series of transactions or occurrences as Defendant and involves common questions of law and fact as Plaintiff asserts that Defendant used Officer Hawkins' police report to falsely arrest him. (*Id.* at 3.) Accordingly, joinder of Officer Hawkins is permissible.

## CONCLUSION

In light of the foregoing, Plaintiff's Motion (Doc. 6) is **GRANTED**. Accordingly, Officer Hawkins is hereby **JOINED** as a defendant to this action. The Clerk of the Court

is **DIRECTED** to serve Officer Hawkins with a copy of the Complaint, summons, and the present Motion.

**SO ORDERED**, this 3rd day of November, 2020.

<u>/s/ Leslie A. Gardner</u><br>
**LESLIE A. GARDNER, JUDGE**<br>
**UNITED STATES DISTRICT COURT**

4